| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | NOT FOR PUBLICATION |

```
------------------------------------------------------------x
In re:                                              :
                                                    :
Orly Genger,                                        :      Case No. 19-13895 (JLG)
                                                    :      Chapter 7
                          Debtor.¹                  :
------------------------------------------------------------x
Sagi Genger and TPR Investment Associates, Inc.     :
                                                    :
                          Plaintiffs,               :
                                                    :      Adv. P. No.: 19-01444 (JLG)
v.                                                  :
                                                    :
Orly Genger,                                        :
                          Defendant.                :
------------------------------------------------------------x
```

## MEMORANDUM DECISION AND ORDER
## DENYING SAGI GENGER'S MOTION TO COMPEL

**A P P E A R A N C E S :**

EMMET, MARVIN & MARTIN, LLP
*Attorneys for Plaintiffs*
120 Broadway, 32nd Floor
New York, NY 10271
By:    John Dellaportas

HERSCHMANN BENSON BOWEN LLP
*Attorneys for Debtor Orly Genger*
305 Broadway, 7th Floor
New York, NY 10007
By:    Michael Paul Bowen

---

[1] The last four digits of Orly Genger's social security number are 8893. The location of Orly Genger's services address for purposes of this Chapter 7 Case is: 210 Lavaca St., Unit 1903, Austin, TX, 78701.

KASOWITZ LLP
1633 Broadway
New York, NY 10019
By:    Mitchell R. Schrage

GERON LEGAL ADVISORS LLC
370 Lexington Avenue, Suite 1208
New York, NY 10017
By:    Yann Geron
       Nicole N. Santucci

HOLLAND & KNIGHT LLP
787 Seventh Avenue
New York, NY 10019
By:    Robert J. Burns

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## INTRODUCTION[2]

Orly Genger ("Orly" or the "Debtor") is the chapter 7 debtor herein. Her brother, Sagi Genger ("Sagi"), is a judgment creditor of Orly. TPR Investment Associates, Inc. ("TPR") purports to be a creditor of Orly and a party in interest herein. Sagi and TPR commenced this adversary proceeding against Orly in this Chapter 7 Case (the "Adversary Proceeding") by filing a complaint[3] that has since been amended (the "Amended Complaint")[4] seeking to deny her discharge in bankruptcy, and to deny the dischargeability of their debts, pursuant to sections 727 and 523 of the Bankruptcy Code, respectively. There is a pending motion to dismiss the Amended Complaint.[5]

---

[2] References to "ECF No. __" are references to documents filed on the electronic docket of the Chapter 7 Case, No. 19-13895. References to "AP ECF No. __" are references to documents filed on the electronic docket of this Adversary Proceeding, 19-01444.

[3] *Complaint*, AP ECF No. 1.

[4] *Sagi Genger's and TPR Investment Associates, Inc.'s First Amended Complaint Objecting to Discharge and/or Dischargeability of Orly Genger*, AP ECF No. 18.

[5] *Notice of Debtor Orly Genger's Renewed Motion to Dismiss Plaintiffs' Objections to Discharge and Dischargeability*, AP ECF No. 20.

2

The matter before the Court is Sagi's motion (the "Motion")[6] pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure ("Rule 45") to compel compliance with non-party subpoenas that he issued and purportedly served on Glenn Agre Bergman & Fuentes LLP (the "Glenn Agre Subpoena"), Kasowitz Benson Torres LLP (the "Kasowitz Subpoena"), Holland & Knight LLP (the "H&K Subpoena"), and Geron Legal Advisors LLC (the "GLA Subpoena") (together, the "Subpoenaed Parties") in this Adversary Proceeding. Sagi contends each such Subpoenaed Party has acted or is acting as bankruptcy counsel to Orly in the Chapter 7 Case.

Orly filed an objection to the Motion (the "Orly Objection" or "Orly Obj.").[7] Kasowitz joined in the objection (the "Kasowitz Joinder").[8] H&K and GLA each filed an objection to the Motion (the "H&K Objection"[9] or "H&K Obj." and "GLA Objection"[10] or "GLA Obj." respectively). Sagi filed a reply to the objections (the "Reply").[11] The Court scheduled a hearing on the Motion. However, after further consideration, the Court has determined, in its discretion, that it will resolve the Motion on the submitted papers, without a hearing. On the limited bases set forth herein, the Court denies the Motion and, in the exercise of its discretion, quashes the subpoenas.

---

[6] *Sagi Genger's Motion to Compel Compliance with Subpoenas*, AP ECF No. 24.

[7] *Defendant's Objection to Plaintiff Sagi Genger's Motion to Compel Compliance with Subpoenas*, AP ECF No. 27.

[8] *Joinder of Kasowitz LLP to Defendant's Objection to Plaintiff Sagi Genger's Motion to Compel Compliance with Subpoenas*, AP ECF No. 28.

[9] *Non-Party Holland & Knight's Objection to Plaintiff Sagi Genger's Motion to Compel Compliance with Subpoenas*, AP ECF No. 29.

[10] *Geron Legal Advisors LLC's Objection to Sagi Genger's Motion to Compel*, AP ECF No. 26.

[11] *Sagi Genger's Reply in Further Support of His Motion to Compel Compliance with Subpoenas*, AP ECF No. 33.

3

## JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

Orly commenced this case (the "Chapter 7 Case") by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Petition")[12] in the United States Bankruptcy Court for the Western District of Texas (the "Texas Bankruptcy Court"). Orly filed her schedules and statement of financial affairs (the "Schedules")[13] in support of the Petition. The Schedules include certain "Global Notes,"[14] which provide additional details concerning the Debtor's finances and caveats the disclosures in her Schedules. Global Notes at 3. Thereafter, the Texas Bankruptcy Court transferred the Chapter 7 Case to this Court.[15]

**The Subpoenas**

Sagi maintains that in the Chapter 7 Case, Orly prevailed on an advice-of-counsel defense, which, Sagi says, was only permitted because Orly waived the attorney-client privilege at trial over communications with her counsel regarding the preparation of her Global Notes. Motion ¶ 1. He argues that Orly made several false statements and/or omissions in those Schedules, and, in this Adversary Proceeding, she has again asserted an advice-of-counsel defense. *Id.* Sagi contends that

---

[12] *See Voluntary Petition for Individuals Filing for Bankruptcy,* ECF No. 1.

[13] *Schedules and Statement of Financial Affairs*, ECF No. 20.

[14] *See Global Notes, Methodology and Specific Disclosures Regarding the Debtor Schedule of Assets and Liabilities and Statement of Financial Affairs*, ECF No. 20.

[15] *See Receipt of Inter District Transfer*, ECF No. 192

4

to fully assess and disprove Debtor's defenses, he served the subpoenas upon Debtor's former and current bankruptcy counsel, seeking information between them concerning the Schedules. *Id.* ¶ 9.

The scope of the subpoenas is identical. Each seeks:

> All Documents and Communications with, between, or among You, on the one hand, and Debtor and/or Debtor's counsel, on the other hand, concerning the Global Notes and/or any information therein.

*See, e.g.,* Motion Ex. A (ECF No. 24-2) at 9.[16] Each of the Subpoenaed Parties responded to their respective subpoenas.

### The Glenn Agre Subpoena

Michael J. Bowen ("Bowen") is Orly's bankruptcy counsel of record. Formerly, he was a member of Glenn Agre. As Orly's counsel, in his informal response to the Glenn Agre Subpoena, he denies that Orly imposed an advice of counsel defense in the Chapter 7 Case, and that she has waived the attorney-client privilege. He also contends that the subpoenas are invalid and unenforceable because they were issued in violation of Rule 26 of the Federal Rules of Civil Procedure ("Rule 26").[17] *See* Bowen Emails.[18]

### The Kasowitz Subpoena

In its informal response to its subpoena, Kasowitz denies that Orly waived her attorney-client privilege. *See* Kasowitz Email.[19] Also, it contends the subpoena is invalid and should be immediately withdrawn because Sagi issued it prior to holding a conference called for under Rule 26(f). *Id.*

---

[16] The Court cites to the PDF pagination of the exhibit.

[17] Rule 26 is applicable herein pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure.

[18] The Bowen Emails are annexed as Exhibit E to the Motion.

[19] The Kasowitz Email is annexed as Exhibit F to the Motion.

5

*The H&K Subpoena*

Eric Taube ("Taube") acted as Orly's bankruptcy counsel in filing the Petition. *See* Petition, Part 7. At that time, he was a member of the law firm of Waller Lansden Dortch & Davis LLP ("Waller Lansden"). On November 15, 2019, the Court granted Taube's and Waller Lansden's motion to withdraw as Orly's counsel.[20]

Waller Lansden is one of H&K's predecessor law firms. H&K Obj. at 2. On July 8, 2025, Sagi purported to serve H&K with the H&K Subpoena via U.S. Mail directed to one of H&K's offices in Tampa, Florida. *Id.* at 1. On August 5, 2025, H&K objected to the H&K Subpoena (the "H&K Response").[21] Without limitation, H&K contends (i) the issuance and purported service of the subpoena is in violation of Rule 26(d)(1), as the parties to the Adversary Proceeding have not held a Rule 26(f) conference; (ii) the H&K Subpoena is defective as it was purportedly served upon H&K via U.S. Mail directed to one of H&K's offices in Tampa, Florida, and no proof of service has been filed per Rule 45(b)(4); and (iii) the subpoena seeks documents that contain, reflect, refer, or relate to confidential or private information, and H&K will not produce such documents unless and until the Court has entered an appropriate Confidentiality and Protective Order. H&K Response ¶¶ 2, 3, 6.

*The GLA Subpoena*

On January 10, 2020, Yann Geron, then a member of the law firm of Reitler Kailas & Rosenblatt LLC ("RKR"), appeared as Orly's bankruptcy counsel in the Chapter 7 Case.[22] On

---

[20] *Order Granting Expedited Motion to Withdraw as Counsel and for Stay of Pending Deadlines*, ECF No. 178.

[21] *See Objections of Holland & Knight LLP to Subpoena Duces Tecum and Ad Testificandum,* annexed in Exhibit K to the Motion.

[22] *See Notice of Appearance*, ECF No. 212.

6

March 16, 2021, Glenn Agre was substituted for RKR as Orly's bankruptcy counsel in the Chapter 7 Case.[23]

GLA is not, and never has been, counsel of record for the Debtor. However, certain of the personnel comprising GLA previously worked at RKR. GLA Obj. ¶ 1. GLA maintains copies of certain files which were generated while its personnel were at RKR in electronic form. *Id.* On October 3, 2025, GLA responded to the GLA Subpoena by producing a privilege log asserting that all responsive documents were protected by the attorney-client privilege. *Id.* ¶ 2. GLA advised Sagi's counsel that it could not produce any attorney-client privileged documents absent a Court order or a "So-Ordered" stipulation among the parties. *See* Motion, Ex. H. GLA further advised Sagi's counsel that neither GLA, nor RKR, represented the Debtor on the Petition Date, and that Sagi's questions relating to the drafting of the Petition and Global Notes are inapplicable to GLA. *See* Motion, Ex. G.

**The Motion**

Sagi argues that to fully assess and disprove Orly's defenses to the Amended Complaint, he served the subpoenas upon Orly's former and current bankruptcy counsel, seeking information between them concerning the Schedules. Motion ¶ 1. He complains that although Orly is relying on her attorneys' advice and placing it directly at issue both in the Chapter 7 Case and this Adversary Proceeding, her counsel refuse to comply with their respective subpoenas, mistakenly arguing (i) the subpoenas are premature because the parties have not met and conferred pursuant to Rule 26(f), and (ii) Debtor did not waive the attorney-client privilege. *Id.* ¶¶ 1-2. He says there

---

[23] *See Notice of Substitute Counsel on Consent*, ECF No. 386.

7

is no merit to either position and that under Rule 45(d)(2)(i), he is entitled to an order compelling compliance with the subpoenas.

Sagi maintains his counsel has repeatedly offered to meet and confer with Debtor's counsel to prepare a Rule 26(f) report, but counsel has refused to do so and then bootstrapped his opposition to the subpoenas on that refusal. *Id.* ¶ 15. He says that Debtor's argument that the subpoenas are premature because they were served before a Rule 26(f) conference fails because her counsel refuses to hold a conference. *Id.* ¶ 14. Moreover, he rejects Debtor's counsel's contention that the parties cannot confer under Rule 26(f) until the Court sets a scheduling conference, as the plain text of Rule 26(f) does not mandate that a conference be scheduled before the parties confer. *Id.* ¶¶ 15-16. He insists Debtor's counsel does not dispute that it would be "practicable" to participate in a discovery conference at this time, and concludes that by refusing to confer, Debtor waived the Rule 26(f) requirement. *Id.* ¶¶ 16-17 (citing *Sentry Ins. v. Brand Mgmt. Inc.*, No. 10-CV-347, 2012 WL 3288178, *6 n.9 (E.D.N.Y. Aug. 10, 2012) ("*Sentry Insurance*")).

Sagi contends that Debtor waived her attorney-client privilege over the preparation of the Schedules by placing her communications with her attorneys squarely at issue in the Chapter 7 Case. *Id.* ¶¶ 18-20. Moreover, he contends that the truth of Debtor's defenses in the Adversary Proceeding can only be assessed by examining her communications with counsel. *Id.* ¶ 22. Sagi argues that to establish Debtor's intent and the unreasonableness of her alleged reliance on counsel, he needs to know what advice she was given by her attorneys when preparing her Schedules, what information she gave her attorneys, and what information she withheld from her attorneys. *Id.* He says fairness requires those documents and communications be disclosed. *Id.*

To summarize, Sagi maintains Debtor's various counsel should be compelled to comply with their respective subpoenas because Debtor has waived her attorney-client privilege. He

contends that if the Court entitles Debtor to assert the attorney-client privilege with respect to the subpoenas, the Court should strike her defenses of reliance on advice of counsel. Motion ¶ 23.

**The Objections**

*Orly Objection*

In opposing the Motion, Orly denies Sagi's contention that the subpoenas were issued only to "Debtor's current and former bankruptcy counsel." Orly Obj. ¶ 3. She maintains Kasowitz never served as her bankruptcy counsel. *Id.* It represented her in underlying lawsuits against Sagi, not in preparing or otherwise prosecuting her Chapter 7 Case. *Id.* She also denies that she relied on an advice-of-counsel defense in opposing his motion to dismiss the Chapter 7 Case, and that she is relying on it as a defense to the Amended Complaint. *Id.* ¶¶ 16-17. Further, she contends the Court has already held that she did not rely on such a defense. *Id.* ¶¶ 17-18.

Orly argues the Court must deny the Motion, as there is no basis to enforce the subpoenas. She asserts that the subpoenas are invalid and unenforceable because in issuing the subpoenas, Sagi failed to comply with Rule 26, since he served the subpoenas before a Rule 26(f) conference occurred and before even attempting to arrange it. *Id.* ¶ 1. She denies she retroactively waived compliance with that rule. *Id.* To that end, she says that in pre-Motion correspondence, she repeatedly invoked the rule in arguing that the subpoenas are invalid. *Id.* Moreover, she denies there is case law or other authority to support Sagi's claim that her insistence that he comply with the rules constitutes a waiver retroactively authorizing subpoenas that were invalid when issued. *Id.* ¶¶ 7-10. She contends Sagi misplaces his reliance on *Sentry Insurance. Id.* ¶ 10. Orly also asserts that the subpoenas fail on the merits, because they are grossly overbroad and seek irrelevant

9

information. *Id.* ¶¶ 29-30. Finally, Orly denies there is merit to Sagi's request that the Court strike "attorney advice" defenses raised by her. *Id.* ¶ 31.[24]

### *The Kasowitz Joinder*

Kasowitz joins the Orly Objection and requests the Court deny the Motion. Kasowitz Joinder at 1.

### *The H&K Objection*

H&K reiterates matters raised in the H&K Response. It contends the Court should deny the Motion in its entirety, or at least until such time as a Rule 26(f) conference is held and issues concerning the continued privilege of communications with H&K's former client Orly Genger are resolved by the parties and/or the Court. *See* H&K Obj. at 2.

### *The GLA Objection*

GLA contends that, without limitation, it has fully complied with the GLA Subpoena, that Sagi's efforts to enforce the subpoena are unwarranted, and the Motion has been brought in bad faith and without any legal basis against GLA. GLA Obj. ¶ 5. It argues that the Court must deny the Motion as baseless, and should consider awarding costs against Sagi for pursuing the Motion against GLA. GLA Obj. ¶ 6.

### **The Reply**

Sagi argues that the Motion is an attempt to obtain "highly relevant information." Reply ¶ 1. Sagi, citing to this Court's previous decisions, reasserts that Orly has waived her privilege concerning the documents subpoenaed. Reply ¶¶ 3-6. He also states that Orly has refused to meet

---

[24] Orly has also filed a motion to quash a subpoena served on Wachtel Missry LLP. *Motion for Protective Order and Quash*, AP ECF No. 31. Orly incorporates the arguments set forth in the Orly Objection in her motion to quash.

10

and confer pursuant to Rule 26(f) in violation of Rule 26(f)'s mandate that the parties meet and confer "as soon as practicable." Reply ¶¶ 7-8.

## DISCUSSION

The general rules of discovery apply to subpoenas issued under Rule 45. *In re Nat. Gas Commodity Litig.*, 235 F.R.D. 199, 207 (S.D.N.Y. 2005), *decision set aside in part sub nom. In re Nat. Gas Commodities Litig.*, 235 F.R.D. 241 (S.D.N.Y. 2006). "[T]he federal rules give district courts broad discretion to manage the manner in which discovery proceeds." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003). "'A motion seeking a discovery ruling is addressed to the discretion of the district court.'" *Pearson Educ., Inc. v. Doe,* No. 12 CIV. 4786, 2012 WL 4832816, at *2 (S.D.N.Y. Oct. 1, 2012) (quoting *Baker v. F & F Inv.,* 470 F.2d 778, 781 (2d Cir. 1972)); *see also In re DG Acquisition Corp.,* 151 F.3d 75, 79 (2d Cir.1998) ("'[A] trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion.'" (quoting *Cruden v. Bank of N. Y.,* 957 F.2d 961, 972 (2d Cir. 1992))).

Rule 26 governs the discovery process in the Adversary Proceeding. *Sullivan v. Maha*, No. 16-CV-552, 2018 WL 3962818, at *2 (W.D.N.Y. Aug. 17, 2018). Rule 26(f) provides that "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f). It "requires parties to an action to confer at an early stage in the litigation in order to discuss various subjects identified in the rule including, importantly, discovery, and to develop a proposed discovery plan for submission to the court." *OMG Fidelity, Inc. v. Sirius Technologies, Inc.,* 239 F.R.D. 300, 302 (S.D.N.Y. 2006). "The 'meet-and-confer' requirement 'embodies a policy of encouraging voluntary resolution of pretrial disputes, in the interest of judicial and client economy

11

and effective processing of cases.'" *Avent v. Solfaro*, 210 F.R.D. 91, 95 (S.D.N.Y. 2002) (quoting *Kolenc v. Bellizzi,* No. 95 CIV. 4494, 1999 WL 92604 (S.D.N.Y. Feb. 22, 1999)).

By application of Rule 26(d), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1); *see also Molefi v. Oppenheimer Trust,* No. 03 CV 5631, 2007 WL 538547, at *4 (E.D.N.Y. Feb. 15, 2007) (stating same). These rules apply to non-party subpoenas. *See Desilva v. North Shore-Long Island Jewish Health System Inc.,* No. CV 10-1341, 2010 WL 3119629, at *1 (E.D.N.Y. Aug. 9, 2010); *accord Bodkin v. Garfinkle*, No. CV 05–4306, 2007 WL 1288078, at *3 (E.D.N.Y. Apr. 30, 2007) (relating history of case wherein non-party subpoenas were quashed because they were served in violation of Rule 26(d)(1)).

The subpoenas run afoul of these rules and are improper because the parties have not conferred as required under Rule 26(f) and the exceptions listed under Rule 26(d) do not apply. Sagi "may not seek discovery from *any source* before the parties have conferred," which includes the Subpoenaed Parties. *Diamond v. 500 SLD LLC*, 21-cv-2604, 2022 WL 956262, at *2 (S.D.N.Y. Mar. 30, 2022) (emphasis in original). For that reason, the Court denies the Motion. *See Jefferson v. Taft Fridays 50*, No. 18CIV1578, 2018 WL 2939037, at *1 (S.D.N.Y. Apr. 5, 2018) (enjoining discovery as premature where parties failed to conduct a Rule 26(f) conference); *see also Avent v. Solfaro*, 210 F.R.D. at 95 (denying motion to compel discovery for failure to meet and confer); *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 100 (S.D.N.Y. 1997) (denying motion to compel for failure to meet and confer).

In reaching that conclusion, the Court finds no merit to Sagi's assertion that the Subpoenaed Parties have waived objections under Rule 26(d). In *Sentry Insurance* the plaintiff

12

sought an order compelling production of certain documents after a discovery dispute arose between the parties. *Sentry Insurance*, 2012 WL 3288178 at *6. The discovery commenced prior to a Rule 26(f) conference. *Id.* at *6 n.9. After hearing from the parties, the court ordered the defendants to produce certain documents. *Id.* at *4. At that hearing, the court declined the plaintiff's request that it direct the defendants to produce certain tax records. *Id.* at *6. Months later, the plaintiff renewed its motion to compel production of the tax records. *Id.* In opposing that relief, the defendants argued that the plaintiff violated Rule 26(f) by seeking the discovery prior to a Rule 26(f) discovery conference. *Id.* at *6 n.9. The court rejected the argument. In substance, it found that the defendants waived this argument by responding to discovery requests and by failing to raise the issue during the discovery dispute hearing. *Id.*

The waiver in *Sentry Insurance* was not due to the parties' refusal to meet and confer. The waiver in *Sentry Insurance* was found based on the failure of the parties to raise the issue prior to engaging in discovery or at the discovery dispute hearing. That is not the case here, as the Subpoenaed Parties have raised the issue in their responses to the subpoenas and in their objections. *See, e.g.,* Bowen Emails at 2 ("[N]o Rule 26(f) court conference has yet been scheduled and . . . these subpoenas are invalid[.]"); Kasowitz Email at 1 ("Counsel for Orly Genger has advised us that no Rule 26(f) conference has yet been scheduled in this matter. As you are aware, until such a conference takes place, discovery cannot properly commence, and your subpoena is therefore invalid."); H&K Response ¶ 2("[T]he issuance and purported service of the Subpoena is in violation of Fed. R. Civ. P. 26(d)(1)."). *Sentry Insurance* is not applicable herein.

Subpoenas issued in violation of Rule 26(f), including third party subpoenas, may properly be quashed. *See Diamond,* 2022 WL 956262, at *2; *GBML LLC v. M2B Invs., Ltd.,* No. 22-CV-3138, 2022 WL 3566549, at *4 (E.D.N.Y. Aug. 18, 2022); *Desilva,* 2010 WL 3119629, at *1. The

13

Court has "broad discretion to manage pre-trial discovery." *Wood v. F.B.I.*, 432 F.3d 78, 84 (2d Cir. 2005); *see EM Ltd. v. Republic of Argentina,* 695 F.3d 201, 207 (2d Cir. 2012) ("[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process"), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.,* 573 U.S. 134 (2014). No discovery order has been entered in this Adversary Proceeding. Nonetheless, the Court "may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, at 106-07 (2d Cir. 2002) (citing *DLC Management Corp. v. Town of Hyde Park,* 163 F.3d 124, 135–36 (2d Cir.1998)); *see also Wapnick v. United States,* No. CV 95–2025, 2002 WL 985571, at *5 (E.D.N.Y. Mar. 28, 2002) ("[A]cting pursuant to their inherent power . . . district courts have wide discretion to punish failures to conform to the rules of discovery." (citations omitted)). Pursuant to Rule 26(c), a court may issue a protective order for good cause, "to protect a party or person from annoyance, embarrassment, oppression, undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such a protective order may include an order limiting discovery. *See* Fed. R. Civ. P. 26(c)(1)(A). The Court quashes the subpoenas, without prejudice, pending the conduct of the Rule 26(f) conference and entry of a discovery order in this Adversary Proceeding. *See Desilva,* 2010 WL 3119629, at *1.

## CONCLUSION

Based on the foregoing, the Court denies the Motion.

IT IS SO ORDERED.

Dated: New York, New York
      December 12, 2025                                                 /s/ James L. Garrity, Jr.
                                                                       Honorable James L. Garrity, Jr.
                                                                        United States Bankruptcy Judge